**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Case No. 07-cv-00508 MSK CBS**

**THOMAS MOY, a Colorado resident.**

    **Plaintiff,**

**v.**

**CHARLES SCHWAB & CO., INC., a California corporation;**
**PNC BANK, N.A., a national banking association;**
**TD AMERITRADE, INC., a New York corporation,**
**f/k/a TD WATERHOUSE INVESTOR SERVICES, INC;**
**TD BANKNORTH, N.A., f/k/a TD BANK USA, NATIONAL ASSOCIATION, and**
**TD WATERHOUSE BANK, NATIONAL ASSOCIATION, a national banking association.**

**Defendants**

**v.**

**CENTENNIAL BANK OF THE WEST, a Colorado corporation,**

**Third Party Defendant.**

___

**STIPULATED PROTECTIVE ORDER**
___

Plaintiff Thomas Moy, Defendants Charles Schwab & Co., Inc., PNC Bank, N.A., TD AMERITRADE, Inc., TD Bank USA, N.A. and Third Party Defendants Centennial Bank of the West (collectively, the "Parties"), by and through their respective counsel, hereby submit the

following Stipulated Protective Order pursuant to Fed. R. Civ. P. 26(c) and request that it be entered as an Order of the Court:

WHEREAS, Defendants Charles Schwab & Co., Inc., PNC Bank, N.A., TD AMERITRADE, Inc., TD Bank USA, N.A. and Centennial Bank of the West possess information and material which is not in the public domain and is confidential, proprietary and/or personal financial information not subject to disclosure;

WHEREAS, information and documents which may be sought in discovery and which may be exchanged between the Parties may include or incorporate such confidential, proprietary and/or personal financial information;

WHEREAS, the purpose of this Stipulated Protective Order is to facilitate the exchange of such documentation while protecting the confidentiality of such information;

WHEREAS, Fed. R. Civ. P. 26(c) provides for the issuance of protective orders limiting the disclosure of certain information in appropriate circumstances.

NOW, THEREFORE, it is hereby ORDERED that:

1.      Any document which contain confidential, proprietary and/or personal financial information may be designated "Confidential" by stamping the term "Confidential" clearly and conspicuously on the face of each document containing such information.  For a multi-page document, each page containing confidential information shall be stamped separately.

2.      All documents and information designated "Confidential" shall be used solely for the purposes of preparing for and conducting pre-trial, trial and post-trial proceedings in this

action, and not for any other purpose, and such documents shall not be disclosed to any person or entity except as provided herein.

3. Documents marked or treated as "Confidential" or copies or extracts therefrom and the information therein, may be given, shown, made available to, or communicated to only the following:

(a) Parties, including an officer, director, partner or in-house counsel of a Party;

(b) outside counsel of record for the Parties or an employee of such counsel to whom it is necessary that the material be shown for purposes of this litigation;

(c) other employees of a Party for the purpose of working directly on the litigation at the request or at the direction of counsel;

(d) third party consultants and independent experts to whom it is necessary that the material be shown for purpose of assisting counsel in this litigation; and

(e) any witness or deponent in any deposition, hearing or at trial in this litigation.

4. Any Party or nonparty wishing to come within the provisions of this Protective Order shall designate the documents, materials, or portions thereof, which are considered confidential at the time such documents are produced by marking them "Confidential" in accordance with Section 1 hereof.

5.  For deposition testimony, the witness or counsel shall invoke the provisions of this Protective Order by stating on the record during the deposition that testimony given at the deposition is designated "Confidential," or by designating the deposition transcript or portions thereof as "Confidential." No person shall be present during portions of the depositions designated "Confidential" unless such person is an authorized recipient of documents containing such confidential information under the terms of this Protective Order, or the court reporter transcribing the deposition.

6.  If a Party desires to give, show, make available or communicate any document marked "Confidential" to any person who is not specifically authorized to have access to such documents pursuant to paragraph 3, the requesting Party shall disclose to the other Parties the identity of the person to whom disclosure of the document is sought. The Parties shall then have ten (10) days to negotiate the terms of disclosure to said person and, if no agreement can be reached, the requesting Party may apply to the Court on notice within fourteen (14) days thereafter for court authorization to make such disclosure.

7.  Documents, materials, information, interrogatory answers, and depositions stamped "Confidential," when filed with pleadings or offered as evidence at any hearing or trial, shall be delivered sealed to the Clerk of the Court pursuant to the procedures set forth in D.C.COLO.LCivR 7.3.

8.  Upon termination of this litigation, the originals and all copies, whether exact copies or compilations, digests or non exact copies in any form, of designated "Confidential" documents, materials and information shall, upon request, be returned to the Party who produced

such documents, materials and information, or may be disposed of in some other manner that is mutually agreeable among the Parties.

9. The termination of proceedings in this action shall not thereafter relieve the Parties from the obligation of maintaining the confidentiality of all documents, materials and information designated as "Confidential" which is received pursuant to this Protective Order.

APPROVED AS TO FORM:

| | |
|---|---|
| Brown, Berardini & Dunning, P.C. | Berenbaum, Weinshienk & Eason, P.C. |
| s/ Brian J. Berardini | s/ Tara L. Acton |
| Brian J. Berardini | Charles A. Bewley |
| 2000 South Colorado Boulevard | Tara L. Acton |
| Tower Two, Suite 700 | 370 Seventeenth Street, Suite 4800 |
| Denver, CO 80222 | Denver, CO 80202 |
| Telephone: (303) 329-3363 | Telephone: (303) 825-0800 |
| Facsimile: (303) 393-8438 | Facsimile: (303) 629-7610 |
| E-mail: bberardini@bbdfirm.com | E-Mail: tacton@bw-legal.com |
| Attorneys for Plaintiff | Attorneys for Defendants Charles Schwab & Co. Inc. and PNC Bank, N.A. |
| Kutak Rock LLP | Rothgerber Johnson & Lyons LLP |
| s/ Mark C. Willis | s/ Kristin M. Bronson |
| Craig N. Johnson | Kristin M. Bronson |
| Mark C. Willis | 1200 17th Street |
| 1801 California Street, | Suite 3000 |
| Suite 3100 | Denver, CO 80202-5855 |
| Denver, CO 80202-2658 | Telephone: (303) 623-9000 |
| Telephone: (303) 297-2400 | Facsimile: (303) 623-9222 |
| Facsimile: (303) 292-7700 | E-mail: kbronson@rothgerber.com |
| E-mail: craig.johnson@kutakrock.com       mark.willis@kutakrock.com | Attorney for Third Party Defendant Centennial Bank of the West |
| Attorneys for Defendants TD Ameritrade and TD Bank USA, National Association | |

\* \* \* \*

SO ORDERED this 30th day of May, 2007.

                                  BY THE COURT:

                                  s/  Craig B. Shaffer
                                  Craig B. Shaffer, United States Magistrate Judge